## Samuel Parr v. Milton Hellyer.

1. VERDICT—*Not Warranted by the Evidence.*—Where a careful consideration of the evidence convinces the court that it ought not to have been regarded by the jury as sufficient to warrant a verdict for the appellee, the verdict will be set aside.

Memorandum.—Assumpsit. Appeal from the Circuit Court of Fulton County; the Hon. OSCAR P. BONNEY. Judge, presiding. Heard in this court at the May term, 1893. Reversed and remanded. Opinion filed December 22, 1893.

The opinion states the case.

H. W. MASTERS, attorney for appellant.

GRAY & WAGGONER, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This action was begun by the appellee against the appellant to recover the value of two horses, which, as appellee alleged, came to their death through the negligence of a son of the appellant while engaged in the discharge of his duty as a servant of the father. The judgment was against the appellant in the sum of $190, and he prosecutes this appeal. The case was the same as to each of the horses. Only three witnesses testified as to their value, and all of them estimated the value of the two together, the lowest amount fixed by either witness being $300.

The verdict for $190 is inexplicable, unless we indulge in the supposition that the jury were so doubtful whether under the evidence a right of recovery existed at all, they were unwilling to impose the entire loss upon the appellant.

A careful consideration of the evidence has convinced us that it ought not have been regarded by the jury as sufficient to warrant a verdict for the appellee.

The parties were neighboring farmers. The appellee and his family were absent from home temporarily, having ar-

ranged with another neighbor, Mr. Weise, that he would feed and water appellee's stock and milk his cows.

Henry, a son of the appellant, a lad between ten and eleven years of age, by direction of his father, went to the home of the appellee in the afternoon to get a riddle or screen belonging to a fanning mill. Finding no one there the lad opened the door of the appellee's granary, where he knew the screen to be, went in, got the screen and returned to his home. In this granary was a quantity of wheat. Later in the evening Weise and his wife came to the appellee's place to feed his horses and milk his cows. The cows were brought into the lot in which the granary stood and were milked there. A gate led from this lot into an adjoining pasture where the horses in question were running. Weise testified that he endeavored to and thought he had closed this gate so that the cows would remain in the lot; when he returned on the following morning he found the granary door open, one of the cows in the granary, the others in the lot, as were also the horses. He thought the horses had eaten of the wheat that was in the granary. In the evening of that day the appellee returned and found the horses foundered and sick. Both died the next morning. He brought this action to recover their value upon the theory that appellant's son left unfastened or did not securely fasten the door of the granary so that the horses gained access to the wheat, ate of it and died in consequence. The boy testified that he closed and fastened the door and detailed the manner in which he opened and closed it, and secured the latch by which it was held in place when closed. No witness could or did contradict this. Weise testified that he and his wife were about and near the granary, when there in the evening after the boy had gone, but that they did not nor did either of them open the door of the granary. He stated that if unlatched the granary door would hang or swing partly open a foot or so as he expressed it, and that he thought he would have observed it had the door been unfastened, and that he did not notice it. This testimony tended to corroborate the boy's statements. The appellee produced testimony tending

to show that a lad of the height of the appellant's son could not fasten or latch the door in the way and manner claimed by the boy.

Witnesses in behalf of the appellant testified that the door could be so closed and latched, and that upon actual experiment it had been so latched and fastened.

Such was the case presented to the jury. Whether the animals gained access to the granary through a failure of the appellant's son to close and latch the door seems to us merely conjectural. It was not proven but only shown that such might possibly have been the case. So it was possible and not improbable nor inconsistent with the evidence that the horses, after having in some way passed through the gate which Weise thinks he closed, found their way into the granary lot, and from thence into the granary, in some manner or through some cause in no wise attributable to the action or non-action of the boy.

The evidence is too slight to warrant a conclusion or justify a judgment whereby the property and earnings of one citizen is to be transferred to and become the property of another. The verdict of the jury, which in effect casts the loss partly upon each of the litigants, indicates quite clearly that they were not ready to hold that the liability of the appellant had been shown. A new trial should have been granted, and because it was denied, the judgment must be reversed and the cause remanded.